PisassoN, C. J.
 

 The case turns upon the legal effect of the deed of Jesse Potts. We are of opinion that the clause, “ but if the said Nancy C. Potts should die and leave an heir or heirs of her body, in that case, said heirs being
 
 hen' children or child,
 
 is to hold, occupy and possess all the property herein given, to them and their heirs forever,” together with the whole instrument, shows clearly that the words,
 
 “
 
 heir or heirs of her body,” are used in the sense of
 
 child or children,
 
 and the case is simply thi.s: a life-estate to Nancy 0. Potts,, with a remainder to her child or children and their heirs, but if she die leaving no child or children at her death, then over.. So the children take as
 
 purchasers,
 
 and the ruler in.
 
 Shelly’s-
 
 case does not apply.
 

 It is not necessary to consider whether the rule in ShellyV ease would apply where the limitation is to. A, for life, with remainder to the heirs of her body and their heirs; although we incline to the opinion that the rule would not apply, for,, if it did, A would take an estate tail, leaving the reversion in fee in the grantor. Whereas, the limitation to the heirs of her body, and
 
 their heirs
 
 forever, shows that the whole estate
 
 *104
 
 -was granted, and no reversion was left in the grantor; so the heirs of her bodj*- would take a
 
 different estate
 
 by
 
 purchase^
 
 from that which would come to them by descent as heirs of her body, and the rule, ft fvonld seem, -does not apply.
 

 There is no error.
 

 Pj-iu CuniAM, .Judgment affirmed.